**Frederick T. FISH, Trustee FTF Trust, Frederick T. Fish, Individually**

v.

**BANK FIVE FOR SAVINGS.**

**Civ. No. 90–381–S.**

United States District Court, D. New Hampshire.

Oct. 26, 1990.

---

Joseph E. Mitchell, Manchester, N.H., for plaintiff.

Steven Solomon, Manchester, N.H., for defendant.

## ORDER

STAHL, District Judge.

This Order addresses a Report and Recommendation ("R & R") issued on October 22, 1990, in which the Magistrate recommended that this Court deny plaintiff's request for a preliminary injunction. Both plaintiff and defendant have filed objections to the R & R.[1]

In his motion, plaintiff, a real estate developer, asks the Court to enjoin foreclosures now scheduled for October 30 (the "Tory Pines" resort complex in Francestown and Bennington, New Hampshire), October 31 (plaintiff's residence in Moultonboro, New Hampshire), November 2 (plaintiff's Massachusetts office), and November 5 (plaintiff's second home in Massachusetts). Plaintiff argues that these foreclosures should not be allowed because the defendant in this action, a Massachusetts bank, was not merely a lender but was rather a partner in the real estate ventures that caused plaintiff to acquire these properties. Plaintiff asserts that his default on the underlying mortgages was caused by the Bank's failure to provide him with the final $3,000,000 allegedly promised by a Bank vice president.

In May 1989, Mr. Casavant, the Bank's Vice President, told me that he was only going to take Three Million Nine Hundred Thousand Dollars ($3,900,000) in front of the Board of Directors because they would not be presently inclined to forward the entire Six Million Nine Hundred Thousand Dollars ($6,900,000).

However, Six Million Nine Hundred Thousand Dollars ($6,900,000) was the amount which was needed to complete this project, despite papers which Mr. Casavant had drawn up to show to the contrary. However, I had a great deal of confidence in Mr. Casavant because he had been extremely successful in obtaining his desired results from the Defendant's Board of Directors.

Although I was loaned the original amount of Three Million Nine Hundred Thousand Dollars ($3,900,000) on May 9, 1989, the subsequent amount of Three Million Dollars ($3,000,000) was refused to me.

As a result of that refusal, I am unable to complete the project with which the Bank may be repaid. I am further unable to pay a number of creditors for their work on this project. For instance, the rental units, which are timeshare interests, are in various stages of completion. Approximately forty (40) are ready for occupancy, complete with furnishings, as soon as the septic system is completed. The balance of the units have been sided, roofed, enclosed, and weather-proofed but are in need of extensive finish work.

Plaintiff's Motion for Preliminary Injunction, ¶¶ 29–31. Central to plaintiff's claim is his contention that "[t]he refusal of the Defendant to forward the additional amount of money has been the cause of my default and, by this foreclosure, the Bank is seeking to obtain the Resort as a reward for their own refusal to follow through on its obligation to me." *Id.* at ¶ 34.

Rule 65, Fed.R.Civ.P. authorizes this Court to grant plaintiff's request for a preliminary injunction if the plaintiff shows that (1) he will suffer immediate and irreparable harm if the request is not granted; (2) the harm he will suffer if relief is not provided outweighs the possible harm to defendant if relief is granted; (3) the public interest will be promoted by granting preliminary relief; and (4) there is a substan-

---

1. This action was initiated in New Hampshire superior court and removed here pursuant to the federal removal statute, 28 U.S.C. § 1441. The court is vested with authority to hear this dispute under 28 U.S.C. § 1332: plaintiff is a citizen of New Hampshire; defendant is a citizen of Massachusetts; the amount in controversy is alleged to exceed $50,000.

tial likelihood that he will prevail on the merits of his case. *The Keds Corp. v. Renee Intern'l Trading,* 888 F.2d 215, 220 (1st Cir.1989) (quoting *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981)). Following a hearing, the Magistrate concluded that the injunction should not issue because plaintiff had not shown that he will suffer immediate and irreparable harm if the injunction was not ordered, because plaintiff has not proved that the public interest will be promoted by granting the injunction and because the plaintiff has not shown that he is likely to succeed on the merits of his case. The Court agrees.

Plaintiff asks the Court to reject the Magistrate's R & R because, in plaintiff's view, he will suffer irreparable harm if he loses his property. Although land is generally considered unique as plaintiff contends, *see e.g. Gage v. First Federal S. & L. Ass'n of Hutchinson,* 717 F.Supp. 745, 753 (D.Kan.1989), the threat of a mortgage foreclosure does not by itself justify the issuance of a preliminary injunction. *See e.g. Parker v. United States Dept. of Agriculture,* 879 F.2d 1362 (6th Cir.1989) (district court did not abuse its discretion by denying a request for preliminary injunction and allowing the bank to proceed with foreclosure). Plaintiffs overstate their case when they claim that "real property is considered to be unique and its loss is always irreparable injury." Plaintiffs' Objection to Magistrate's Report and Recommendation, at 4. The Court is not persuaded by plaintiffs' argument that "no monetary damages could possibly compensate [them] for the loss of this unique property." *Id.* at 3.

The Court also rejects plaintiffs' contention that the public interest will be best protected by providing the relief requested. It seems clear that plaintiffs equate their ability to successfully complete their project with the public interest. The Court does not share that view.

Finally, the Court cannot accept plaintiffs' contention that, to obtain the injunction, they need only (1) present a prima facie case against the defendant and (2) show "that there is a strong probability that they will be injured if the Court fails to enjoin these foreclosures." *Id.* at 6. This formulation does not accurately state the governing standard. *See Keds Corp., supra; Planned Parenthood, supra.* To obtain the injunction, plaintiffs must convince the Court that there is a substantial likelihood that they will prevail on the merits of their claim. Presenting a prima facie case is not enough to warrant the issuance of the extraordinary remedy that plaintiffs seek.

While generally agreeing with the Magistrate's conclusions, the defendant takes issue with the Magistrate's statement that, "At best I can say that the damage suffered by Fish will probably exce[ed] the damage suffered by Bank if the foreclosure is not enjoined at this time." R & R, pp. 8–9. In defendant's view, the evidence adduced at the hearing proved just the opposite; that is, that the damage suffered by the Bank if the injunction issues will exceed that of the plaintiffs if the injunction does not issue. Since the Court agrees that plaintiffs have not satisfied three of the requirements for obtaining a preliminary injunction, it declines defendant's invitation to find in its favor on the fourth.

Accordingly, the Court adopts the Magistrate's October 22, 1990, Report and Recommendation, with modifications consistent with the discussion contained herein.

SO ORDERED.